UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23549-Civ-UNGARO/TORRES

AMERICAN INTERNATIONAL
INSURANCE COMPANY,

      Plaintiff,

vs.

SEAWAY ENTERPRISES LTD.,

      Defendant.
_____/

## ORDER

This matter is before the Court on Defendant's/insured's Motion to Compel [D.E. 34] production of documents, to which Plaintiff/insurance company responded in opposition, and Defendant replied. The matter is thus ripe for disposition.

1.    The issue presented on the motion to compel stems from Plaintiff's summary claim of work product protection for "all of the documents created between early 2006 through 2011 which are the subject of Seaway's December 27, 2011 First Request for Production [that] are claim file materials entitled to protection from discovery by the work product doctrine and/or attorney-client privilege." [D.E. 42 at 2].

2.    Based on this summary claim of privilege, to which no privilege log was provided contrary to S.D. Fla. Local R. 26.1, Plaintiff has refused to produce any responsive documents from its claim file following early 2006 (after the October 2005 hurricane damage at issue). Plaintiff curiously identifies this particular time period

because that is when Defendant decided to use a particular boat repair enterprise which supposedly evidences Defendant's intent to seek coverage for a wide range of repairs that are beyond the scope of the policy. Not surprisingly, Plaintiff cites no authority that such a determination automatically triggers work product protection.

3. The fact is that District and Magistrate Judges in this District have universally rejected insurers' summary arguments like this one in first party coverage cases that work product may be claimed from the inception of a claim. That comes as no surprise to Plaintiff that cited this Court's decision in *Millinazzo v. State Farm Ins. Co.,* 247 F.R.D. 696, 701 (S.D. Fla. 2007) (collecting cases).

4. Plaintiff does little, however, to distinguish the analysis in that decision or any other decision from this District that address the never-ending argument that the entire claims file should be protected. That is not the law in this District, nor in the majority of federal courts that have addressed these issues over and over again. Plaintiff's reliance on an isolated Middle District of Florida decision, which takes a broader approach, is unpersuasive. Moreover, even if the Court were inclined to reconsider this issue once again, it would surely not do so without a compelling evidentiary record, supported by affidavits and exhibits, which Plaintiff could rely upon in compliance with *Millinazzo* to assert a broader claim of work product protection than heretofore approved. Plaintiff failed to do so.

5. Plaintiff's failure to follow the analysis set forth by this Court's and this District's decisions, which specifically requires a manifest evidentiary showing by the insurer that its agents reasonably anticipated litigation at a particular period of time

in the claims process, and Plaintiff opting instead to take a summary approach to the issue, requires us to merely summarily reject it.

6.   To boot, the Court could find that Plaintiff has waived entirely its argument that work product protection for any documents in its claims file. The Court is tempted to do so given Plaintiff's brazen position, which includes the unilateral decision to disregard a Local Rule of this Court requiring a privilege log for any claim of privilege pre-dating the filing date of the litigation.

7.   The Court will not do so, however, and allow Plaintiff to reassert its work product claim as to those documents that post-date the receipt of any correspondence from counsel appearing on behalf of Defendant expressly demanding a sum certain or a particular outcome under the policy. Given the absence of a privilege log, we cannot say when that is. We will leave that determination to Plaintiff in the first instance, which Defendant can challenge once again if necessary. Any documents that are truly attorney-client privileged from any period of time may also be protected, assuming Plaintiff prepares a compliant privilege log that supports that claim.

8.   Finally, though we agree with Defendant's substantive legal arguments in the motion and reply, we pause to caution Defendant's counsel to refrain in future filings in this case or any other in this District that disparage a judicial officer's opinion, as was done here in Defendant's reply memorandum. To call a respected judicial officer's opinion (even if incorrect) an "embarrassment" is tantamount in our view to disparaging the Court contrary to Fla. Bar. R. Prof. Resp. 4-8.4. Lawyers may certainly criticize a judicial opinion and champion opposing positions, but not in a manner that demeans or undermines the appropriate respect due to the judicial

officer's efforts in administering justice.  Moreover, apart from the unprofessional nature of such rhetoric, counsel who do so only make their clients' cause more difficult because such reckless language in court papers undermines that counsel's credibility before the Court.  In other words, calling a contrary decision "embarassingly wrong" is highly unpersuasive.

9. Ultimately, however, Plaintiff's legal position in this matter was even more unpersuasive, which saved the day for Defendant and its counsel.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

A. Defendant's Motion to Compel is **GRANTED**.

B. Plaintiff shall produce all responsive documents required by this Order, together with any privilege log permitted hereunder, within fourteen days.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of June, 2012.

                                                 */s/ Edwin G. Torres*
                                                 EDWIN G. TORRES
                                                 United States Magistrate Judge